NO. 07-02-0502-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 11, 2003

_____

DENZEL BUCHANAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438,166; HON. JIM BOB DARNELL, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Denzel Buchanan (appellant) appeals his conviction for manufacture/delivery of methamphetamine. The clerk's record was filed on January 6, 2003, and the reporter's record was filed on February 26, 2003. Thus, appellant's brief was due on March 28, 2003. However, one was not filed on that date. Counsel for appellant filed for an

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

extension of time to file the brief on March 31, 2003, which extension was granted to April 28, 2003. However, the brief was not filed on that date. On April 29, 2003, counsel for appellant filed a second extension motion to file a brief, which was granted to May 19, 2003. However, no appellant's brief was received by that date. On May 30, 2003, a third motion for extension of time to file appellant's brief was filed, asking for an extension to June 2, 2003, which was granted. Counsel for appellant was also admonished that no further extensions would be granted absent extreme and unusual circumstances. That date has lapsed, and appellant still has yet to file a brief.

Consequently, we abate this appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether appellant desires to prosecute the appeal;

2.   whether appellant is indigent and entitled to appointed counsel; and,

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the

2

appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before July 11, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before July 11, 2003.

It is so ordered.

Per Curiam

Do not publish.